UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

DEREK RITCHIE,

     Plaintiff,

v.

NCL (BAHAMAS) LTD.,

     Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DEREK RITCHIE, sues Defendant, NCL (BAHAMAS) LTD., and for good cause, alleges:

**PARTIES AND JURISDICTION**

1.     Plaintiff, DEREK RITCHIE, is a citizen of the United States and resident of California.

2.     Defendant, NCL (BAHAMAS) LTD. (hereinafter "NCL"), is a foreign corporation which maintains its principal place of business in Miami, Florida.

3.     The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 as the Parties to this action are completely diverse and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the Court's admiralty and maritime jurisdiction.

4.     Defendant, at all times material hereto, personally or through an agent:

     a.     Operated, conducted, engaged in or carried on a business venture in this

state and/or county or had an office or agency in this state and/or county;

b.      Was engaged in substantial business activity within this state;

c.      Operated vessels in the waters of this state;

d.      Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193; and/or

e.      The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

5.      The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

6.      At all times material, Defendant, NCL, owned, operated, managed, maintained and/or controlled the subject vessel, the *NCL Escape* (hereinafter the "vessel"); and employed and/or controlled the ship's doctors, nurses and crew aboard the vessel.

7.      At all times material, NCL operated the vessel in navigable waters.

8.      At all times material, Plaintiff was a paying passenger lawfully aboard the vessel.

**SUBJECT INCIDENT**

9.      On or about September 9, 2025, Plaintiff presented to the vessel's shipboard medical center with complaints of abdominal pain. In response to his complaints, NCL's shipboard doctor – who was working under NCL's employ and was subject to NCL's control – inserted a needle into Plaintiff's arm to obtain a diagnostic blood sample. NCL's doctor, after reviewing Plaintiff's blood results, diagnosed Plaintiff with life threatening sepsis. NCL and/or its doctor then told Plaintiff he was likely to die if he did not receive urgent shoreside medical treatment.

10.     Ultimately, Plaintiff was medically evacuated from the vessel, but upon admission to a shoreside hospital, it was quickly discovered that Plaintiff was not suffering from life-threatening sepsis; instead, Plaintiff was only suffering from a urinary tract infection. Had NCL

and/or its shipboard doctor properly examined Plaintiff's blood results and urine culture, which was possible aboard the cruise vessel, NCL and/or its shipboard doctor would have discovered Plaintiff's proper diagnosis of a urinary tract infection, which was not life threatening and did not require an emergency medical evacuation, and NCL/its shipboard doctor could have reasonably ruled out sepsis as a concern.

11.     As a result of the above conduct, Plaintiff suffered physical and mental pain, including emotional injuries with physical manifestation. More specifically, Plaintiff developed post-traumatic stress disorder as a direct result of the above described ordeal wherein NCL actively put Plaintiff under the belief that he was possibly going to die within a matter of hours. Plaintiff's physical manifestations include nightmares, anxiety and gastrointestinal distress. The above described negligent conduct also caused aggravation of Plaintiff's pre-existing medical and psychological conditions. Plaintiff has suffered these emotional injuries since the incident up to the present time, and believes he will suffer these emotional injuries permanently into the future.

12.     NCL and/or its shipboard doctor knew or should have known that if they did not correctly diagnose a passenger's medical condition aboard a cruise vessel, that passenger would suffer further and/or additional injury/ies for reasons that include, but are not limited to: *Buland v. NCL (Bah.) Ltd.*, 992 F.3d 1143 (11th Cir. 2021) (a prior medical negligence case asserted against NCL based upon allegations that NCL's shipboard doctor failed to properly respond to and/or manage a passenger's medical emergency arising aboard a cruise vessel).

### COUNT I – GENERAL NEGLIGENCE AGAINST DEFENDANT FOR CONDUCT OF ITS AGENT(S) BASED ON A THEORY OF VICARIOUS LIABILITY

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though originally alleged herein.

13. At all times material hereto, it was the duty of Defendant's crewmembers to provide Plaintiff with reasonable care under the circumstances.

14. On or about the above date, Defendant's employee(s) and/or crewmember(s) caused the Plaintiff's resulting injuries through the following acts and/or omissions, for which Defendant is vicariously liable:

a. Failing to properly examine and/or test Plaintiff further to reaching an appropriate diagnosis;

b. Failing to properly diagnose Plaintiff's medical condition;

c. Failing to consult with shoreside medical specialists further to properly diagnosing and/or responding to Plaintiff's medical condition;

d. Failing to properly consider Plaintiff's condition further to reaching an appropriate diagnosis;

e. Failing to properly respond to Plaintiff's medical condition and/or enacting an appropriate medical response under the given circumstances.

15. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had Defendant and/or its agents, servants and/or employees exercised reasonable care for Plaintiff's safety.

16. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant.

## COUNT II – GENERAL NEGLIGENCE AGAINST DEFENDANT

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though originally alleged herein:

17.     At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances.

18.     On or about September 9, 2025, Defendant through its crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of care owed to the Plaintiff and were negligent in one or more of the following ways:

a.      Failing to properly examine and/or test Plaintiff further to reaching an appropriate diagnosis;

b.      Failing to properly diagnose Plaintiff's medical condition;

c.      Failing to consult with shoreside medical specialists further to properly diagnosing and/or responding to Plaintiff's medical condition;

d.      Failing to properly consider Plaintiff's condition further to reaching an appropriate diagnosis;

e.      Failing to properly respond to Plaintiff's medical condition and/or enacting an appropriate medical response under the given circumstances.

19.     As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired.

The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Dated: June 2, 2026

Respectfully submitted,

LIPCON, MARGULIES,
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd., Suite 1480
Coral Gables, FL 33134
Telephone: (305) 373-3016
Facsimile: (305) 373-6204

By: */s/ Luis Alexander Perez*
**LUIS ALEXANDER PEREZ**
Florida Bar No. 125452
aperez@lipcon.com